[No. 1314, August 22, 1910.]

CITY OF ROSWELL, Appellee, v. BERT INGERSOLL, Appellant.

### SYLLABUS.

1. Chapter 54, Laws 1899, contains a specific delegation of power to the city councils and boards of trustees of cities or incorporated towns.

2. Chapter 31, Laws of 1909, contains no grant of power to the city council, nor does it take away any power theretofore granted. It permits a majority in value of the owners of real estate in a city or in a portion of a city, to make public improvements independently of the city government.

3. Chapter 31 of the Laws of 1909 does not repeal Chapter 54 of the Laws of 1899.

Appeal from the District Court for Chaves County before WILLIAM H. POPE, Chief Justice. Affirmed.

U. S. BATEMAN for Appellant.

Chapter 31, Laws of 1909, repealed Chapter 54 of the Laws of 1899. Acts 1891, ch. 43, p. 93; C. L. 1897, sub-

secs. 80 and 81 of sec. 2402; Acts 1899, ch. 54, p. 107; Acts 1903, ch. 42, p. 65; Acts 1909, ch. 31, p. 55; Norwood v. Baker, 172 U. S. 269, 43 L. ed. 443; Cleveland C. C. St. L. R. Co. v. Porter, 210 U. S. 52, Law ed 1015; Voight v. Detroit, 184 U. S. 115, 46 Law ed. 459; Goodrich v. Detroit, 184 U. S. 432, 46 L. ed. 627; Londoner v. Denver, 210 U. S. L. ed. 1113; Elliott on Roads and Streets, sec. 20; United States v. Tynen, 11 Wal. 88, 20 L. ed. 153; Pana v. Bowler, 107 U. S. 529, 27 L. ed. 424; 5 Dig. U. S. Supreme Court, Lawyers' Co-operative Edition 1908, p. 5421, sec. 603

H. M. Dow for Appellee.

Chapter 54 of the Session Acts of 1899 has not been repealed by Chapter 31 of the Session Acts of 1909 or by Chapter 42 of the Session Acts of 1903. 2 Cooley on Taxation, 1128, 1152; Palmer v. Way, 6 Colo. 106; Suth. St. Const., secs. 138, 160, 267; U. S. v. Clafin, 97 U. S. 546; Hudson Furniture Co. v. Freed Furniture & Carpet Co., Utah, 36 Pac. 132; People v. McAllister, Utah, 37 Pac. 578; Frost v. Wenie, 157 U. S. 46; U. S. v. Healy, 160 U. S. 147.

### OPINION OF THE COURT.

MECHEM, J.—The City of Roswell, appellee, passed an ordinance requiring the appellant to build a sidewalk in front of his lot.

The appellant brought suit to enjoin the appellee from enforcing said ordinance, upon the ground that it did not conform to Chapter 31 of the Laws of 1909, but that it had been drawn pursuant to Chapter 54 of the Laws of 1899. The sole question here is, as stated in brief of appellant, whether Chapter 54 of the Laws of 1899 is repealed by Chapter 31 of the Laws of 1909. The court below held the negative of this proposition. It is not claimed by the appellant that the act of 1909 expressly repeals the act of 1899, but he says that the later act covers the whole subject of the former, and was, in fact, a substitute for the old law, and therefore the statute of 1899 was repealed

by implication. We believe a very short review of these statutes will demonstrate the fact that the act of 1899 was not repealed by implication.

The Act of 1899, entitled "An Act to authorize the building and repair of sidewalks in cities, towns and villages," conferred upon city councils and boards of trustees the power by ordinance, to require the owners of property to build, rebuild or repair sidewalks in front of their lots, and if such owner upon being required so to do failed or refused, the city or town might build, rebuild or repair the same, and the act further provided that the cost of such building, rebuilding or repairing should be a lien against the property. Such an ordinance might affect one owner or a dozen owners, might affect one block or a dozen blocks, or one lot in a block, or, perhaps, a sub-division of a lot, might require the building of a number of sidewalks or might only require one owner to build a sidewalk so as to connect with sidewalks already built, or might require but one owner to repair, even in a slight degree, a walk already in place.

Chapter 31, Laws 1909, is entitled "An Act relating to improvement districts in cities and incorporated towns." By it the city council of any city or incorporated town, is empowered, upon petition by a majority in value of the owners of real property in the improvement district proposed to be created, to create such improvement district, and appoint three resident taxpayers in such district as a board, with full power and authority to make the specific improvements set forth in the petition; the board then takes charge of the improvements to be made, fixes the cost of the improvements, lets contracts for the work to be done, and issues bonds to raise the money to pay for the work.

With the character, scope and cost of the improvement, the city council has nothing more to do after the appointment of the board.

The Act of 1899, contains a specific delegation of power to the city councils and boards of trustees of cities or incorporated towns.

The Act of 1909 contains no grant of power to the

city councils, nor does it take away any power theretofore granted, it permits a majority in value of the owners of real estate in a city or in a portion of a city, to make public improvements independently of the city government.

While a majority in value of the owners of real estate might take into their hands the building, rebuilding or repair of sidewalks, until said property owners did so, there could be nothing to hinder the city council from acting under the law of 1899.

Until action is taken under the Act of 1909, a city council may proceed under the Act of 1899, for it is not reasonable to suppose that the legislature intended that before a property owner could be compelled to put a sidewalk in front of his lot, or repair one already there, that an improvement district must be created. Such would be the necessary result of appellant's contention.

For these reasons, and because the Act of 1909 does not contain any clearly expressed or indicated purpose of an intention to repeal the Act of 1899, and because the said acts are not absolutely irreconcilable, it is held that the latter act is not repealed by the former. Territory v. Digneo, 103 Pac. 975.

The judgment of the lower court is therefore affirmed; and it is so ordered.